UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. FALCON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CRAIG KOENIG, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-06978 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against Warden Craig Koenig and prison officers at the Correctional Training Facility ("CTF"), where he is currently confined. Dkt. No. 1. The matter was reassigned to the Undersigned on December 16, 2022. Dkt. No. 5. Plaintiff has filed a motion for leave to proceed *in forma pauperis* which will be addressed in a separate order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff names the following as Defendants: (1) Warden Craig Koenig; (2) Facility Unit II Captain S. Handly; (3) Sgt. McDonald; (4) Sgt. R. Glaze; (5) Correctional Officer L. Lopez; (6) Correctional Officer Macias; and (7) Lt. Marquez. Dkt. No. 1 at 2-7. Plaintiff claims each of these Defendants acted in concert with each other "to carry out a strategic planned operation dominated as a merge and integration process through a so called 'morning yard release' to stage a gladiator battle." *Id.*

According to the complaint, Plaintiff was placed on an "STG" (security threat group) list in March 2019, following the finding that he had an "affiliation with the Southern Hispanic/Mexican Inmates." Dkt. No. 1 at 9. Then in May 2021, administrative CTF staff proposed and authorized a merge/integration process in Facility C recreational yard, involving various groups, including Plaintiff's group and other STGs. *Id.* On May 24, 2021, staff received information from the mother of one of the inmates that the "Fresno Bull Dog Inmates" were planning to attack anyone who was Mexican or White. *Id.* Despite this tip and information already in their possession regarding other threats, CTF staff proceeded with their yard integration plan on May 25, 2021. *Id.* That day, Plaintiff and other inmates of various races were released into the yard, despite clear signs that the Fresno Bull Dog Inmates were ready and positioned to attack. *Id.* at 11-12. A riot ensued, during which Plaintiff was kicked, punched and knocked down by inmates, as well as

2

subjected to correctional officers' attempts to quell the riot with batons and pepper spray. *Id.*

Plaintiff claims Defendants Koenig, Marquez, Handly, Glaze, McDonald, Lopez, and Macias failed to protect him from "obvious and known rival prison faction attack." *Id.* at 13. Plaintiff also claims Defendants Koenig, Marquez, Handly, Glaze, and McDonald are liable as supervisors for executing an integration policy, knowing Plaintiff faced a substantial risk of serious harm to his health and safety. *Id.* at 14. Lastly, Plaintiff claims Defendants Koenig, Marquez, Handly, Glaze, McDonald, Lopez, and Macias are liable for negligence and intentional infliction of emotional distress. *Id.* at 15.

Liberally construed, Plaintiff's allegations are sufficient to state an Eighth Amendment claim for failure to protect Plaintiff from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Plaintiff's allegations are also sufficient to state supervisor liability based on Defendants' implementation of an allegedly constitutionally deficient policy to integrate STG inmates, knowing an attack was likely to occur. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Lastly, the Court shall take supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367(a).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The following defendants shall be served at the Correctional Training Facility in Soledad:

    a. **Warden Craig Koenig**

    b. **Captain S. Handly**

    c. **Sgt. McDonald**

    d. **Sgt. R. Glaze**

    e. **Correctional Officer L. Lopez**

  f.  **Correctional Officer Macias**

  g.  **Lt. Marquez**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, this order of service, and a CDCR Report of E-Service Waiver form.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

  2.  No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

  a.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

4

Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

  b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

  3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

  4. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  7. Discovery may be taken in accordance with the Federal Rules of Civil

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** _March 28, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.22\06978Falcon_svc